UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CRIMINAL CASE NO. 07-35-GFVT-CJS
CIVIL CASE NO. 13-7335-GFVT-CJS

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                  **REPORT AND RECOMMENDATION**

RANDALL CLINTON THOMPSON                             DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On February 12, 2014, Defendant Randal Clinton Thompson, through counsel, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. 402-2). Pursuant to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and for preparation of a report and recommendation. *See* 28 U.S.C. § 636(b). Preliminary review of Defendant's Motion reveals that the Motion is barred by the statute of limitations.[1] Therefore, it will be **recommended** that Defendant Thompson's § 2255 Motion (R. 402-2) be **denied.**

I.     **FACTS**

On November 29, 2007, a federal grand jury returned an Indictment charging Thompson and three others with conspiring to commit the crimes of (a) paying or offering to pay individuals for

---

[1] It is unclear whether notice is required for Rule 4 "screening" dismissals, but the issue need not be decided, given that this Report and Recommendation provides notice that the District Court may dismiss Defendant's motion as time-barred. The Defendant's opportunity to file objections to this Report and Recommendation constitutes his opportunity to be heard by the District Judge. *See generally Day v. McDonough*, 547 U.S. 198, 210 (2006).

voting in an election held in part to elect a United States representative, in violation of 42 U.S.C. § 1973i(c), and/or (b) intentionally misapplying more than $5,000 of property of a local government that annually receives federal funds over $10,000, in violation of 18 U.S.C. § 666. (R. 3, Count 1). Thompson and the three others were also charged with aiding and abetting one another to intentionally misapply more than $5,000 of property of a local government that annually receives federal funds over $10,000, in violation of 18 U.S.C. §§ 2, 666 (R. 3, Count 2).[2] (R. 3). The Indictment alleged that Thompson was, at the relevant times, the County Judge Executive of Knott County, Kentucky, having been appointed by the Governor to complete the term of office of his predecessor. (R. 3, at ¶ 2). The Indictment further alleged that Defendants used materials purchased by the government to improve private property, including paving and blacktopping private drives and building bridges on private property, and that they did this, by agreement, in exchange for votes for Defendant Thompson, who was a candidate for Knott County Judge Executive in the upcoming election. (R. 3).

The matter proceeded to trial. On June 26, 2008, the jury returned a verdict finding Defendant Thompson guilty of both Counts charged against him.[3] (R. 165). On February 2, 2009, the presiding District Judge sentenced Thompson to forty months of incarceration with a three-year term of supervised release to follow, and Judgment was entered on February 6, 2009. (R. 231, 242). On February 9, 2009, the presiding District Judge denied Thompson's Motion for Judgment of Acquittal (R. 183) and Motion for a New Trial (R. 184). (R. 237).

---

[2]The Indictment also charged Co-Defendant Adams with two additional counts. (R. 3).

[3]Guilty verdicts were also returned against Co-Defendant Combs on Counts 1 and 2; Co-Defendant Champion on Count 2; and Co-Defendant Adams on Counts 1, 2, and 3.

On February 10, 2009, Thompson filed a timely Notice of Appeal. (R. 246). On August 25, 2009, Thompson filed a Motion for a New Trial based on an alleged *Brady/Giglio* violation. (R. 289). On October 20, 2009, the Sixth Circuit granted the request to stay the briefing on the appeal, pending the District Court's ruling on the parties' Motions for a New Trial. (R. 301). On April 4, 2011, the presiding District Judge denied Defendants' Motions for a New Trial. (R. 337). On April 12, 2011, Thompson filed a Notice of Appeal. (R. 338).

On September 11, 2012, the Sixth Circuit affirmed Thompson's conviction, as well as those of his Co-Defendants. (R. 348). All Defendants filed Petitions for Rehearing En Banc, which the Sixth Circuit denied on November 5, 2012. (R. 357). The Sixth Circuit issued its Mandate on November 15, 2012. (R. 359). Thompson did not file a petition for writ of certiorari. (R. 402-2, at 2).

On February 12, 2014, Thompson filed the pending § 2255 Motion. (R. 402-2). In his Motion, he asserts various claims of ineffective assistance of counsel during trial. (R. 402-1).

## II.  ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, there is a one-year statute of limitations for filing a motion to vacate, set aside, or correct sentence. *See* 28 U.S.C. § 2255. Section 2255(f) provides, in relevant part, that the one-year limitations period for federal inmates seeking relief under this section shall run from the latest of–

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)(1) applies to Thompson's Motion. Thompson asserts that his Motion is timely filed, stating "[t]his Motion is filed within the time limit allowed by law after the time expires for filing a Petition for Certiorari in the U.S. Supreme Court." (R. 402-2, at 12). Thompson is correct that in a case such as this where a direct appeal was filed but a petition for certiorari was not, the statute of limitations commences when the 90-day period for filing a petition for certiorari expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Supreme Court Rule 13(3) provides, however, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate. *Id*. at 527 (quoting Sup. Ct. R. 13(3)). Supreme Court Rule 13(3) further provides that where a petition for rehearing is timely filed in the lower court, the time for filing a petition for a writ of certiorari runs from the date of the denial of the rehearing. Sup. Ct. R. 13(3).

Here, the Sixth Circuit affirmed Thompson's conviction on September 11, 2012. (R. 348). Thompson filed a Petition for Rehearing En Banc, which the Sixth Circuit denied on November 5, 2012. (R. 357). Thus, Thompson had until February 4, 2013, to file a petition for a writ of certiorari, the ninetieth day being a Sunday. *See* Sup. Ct. R. 13(1) & (3). The statute of limitations to timely file a § 2255 motion began to run on February 5, 2013, and expired one year later, on February 5, 2014. Thompson did not file his Motion until February 12, 2014–seven days late. *See Simpson v.*

*LaRose*, No. 1:13-cv-1005, 2013 WL 5924161, at *6 (N.D. Ohio Oct. 31, 2013) (federal habeas untimely as it was filed one day after expiration of statute of limitations) (citing *United States v. Locke*, 471 U.S. 84, 101 (1985) (holding that statute of limitations expiration dates are rigid, as allowing for leeway even for one day would create a "cascade of exceptions that would engulf the rule erected by the filing deadline")).

Although the one-year limitations period set forth in § 2255 is not jurisdictional and is subject to the doctrine of equitable tolling, Thompson has not demonstrated that he is entitled to the application of equitable tolling in this case. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011), *cert. denied,* __ U.S. __, 133 S. Ct. 187 (Oct. 1, 2012) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The doctrine is to be applied sparingly, and the movant bears the burden of demonstrating that he is entitled to equitable tolling. *Id*. at 749; *see also McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (petitioner bears the burden of demonstrating he is entitled to equitable tolling). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). The Supreme Court set forth a two-part test under which a habeas petitioner is entitled to equitable tolling if he demonstrates that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Absent such a showing "a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000)).

Here, Thompson has offered no reason that the doctrine of equitable tolling should be applied. Assuming the delay was caused by the mistaken belief that the 90-day time frame for filing a petition for a writ of certiorari ran from the date of the issuance of the mandate, this mistake would not be a basis for tolling the statute of limitations. *See Lawrence v. Florida,* 549 U.S. 327, 336 (2007) ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling"); *United States v. Hambric*, No. 3:11-cr-36-M-1, 2013 WL 4588844, at *1 (W.D. Ky. Aug. 28, 2013) (mistaken belief regarding the calculation of statute of limitations not basis for equitable tolling); *Davidson v. United States*, Nos. 3:08-cv-cr-169, 3:13-cv-301, 2013 WL 2635468, at *2 (E.D. Tenn. June 12, 2013) ("[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling[,]" quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Thompson has not established either element required for the application of equitable tolling. Thus, it will be recommended that his Motion be denied as time barred.

## III. CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought under § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Defendant's request to file a belated appeal or § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will further be herein **recommended** that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

## IV.  CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that:

(1)   Defendant Thompson's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (R. 402-2) be **denied;**

(2)   a Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter;

(3)   Judgment in favor of the United States be entered contemporaneously with the District Court's entry of its final order; and,

(4)   this action be **stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also*

Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 27th day of February, 2014.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2255 prelim review\07-35 Thompson SOL R&R.wpd