BRENT L. CALDWELL
ATTORNEY AT LAW
CALDWELL LAW FIRM, PLLC
153 MARKET STREET
LEXINGTON, KY 40507
859-225-1400 OFFICE
859-231-7588 FAX



RECEIVED
OCT 15 2014
KENTUCKY BAR ASSOCIATION

KENTUCKY BAR ASSOCIATION

OCT 15 2014

RECEIVED IN BAR COUNSEL

October 15, 2014

Kentucky Bar Association
514 West Main Street
Frankfort, KY 40601-1812

Re: KBA File No. 23140

Dear Inquiry Commission;

    I write in response to the Complaint filed against me by Randall Thompson in the above number KBA case.

    I was retained by Mr. Thompson to file a Federal 2255 ineffective assistance of counsel motion for him after his conviction in the trial court was upheld in the U. S. Court of Appeals for the Sixth Circuit. Mr. Thompson paid me a flat fee of $15,000.00 to represent him in this matter. As set forth in my letter to Mr. Thompson of February 28, 2014, which he has filed in the record of this case, I informed him that I made a mistake in filing the 2255 Motion and missed the filing deadline by seven (7) days. I won't reiterate the details in that letter since it is of record and speaks for itself. I will state that it was my sincere belief that at the time I filed the Motion that it was timely filed. I reviewed the rules very carefully concerning the filing deadline and even discussed it with the U.S. Attorney's office. Regrettably, I was wrong and as a result I committed malpractice in representing Mr. Thompson in this matter. As my February 28, 2014 letter to Mr. Thompson indicates, I sincerely apologized to Mr. Thompson and took sole responsibility for my mistake.

    A few days after sending my February 28, 2014 letter to Mr. Thompson I spoke with him about the matter and again apologized for my mistake. Mr. Thompson asked me if I would refund his retainer fee and I told him I would but that it would have to be done in installments. Throughout this past year my practice has been extremely slow financially and it has been very difficult to pay ongoing office and personal financial obligations. However, it has always been my sincere intent to refund the entire retainer fee to Mr. Thompson for my mistake. I realize the payments have not been as timely as Mr. Thompson desired but I have done the best I can do given my other financial obligations. As Mr. Thompson states, I have returned to him $10,000.00 of the retainer fee to date. Since receiving this Complaint I have struggled to gather the balance of $5,000.00 due him so that I could advise you the full retainer has been refunded to

1

Mr. Thompson. I am happy to inform the Commission that I mailed to Mr. Thompson's wife today the balance of the $5,000.00 I agreed to refund Mr. Thompson. As a result, the retainer refund is now paid in full. I am sorry it couldn't have been done earlier but it was never my intent not to refund the retainer fee to Mr. Thompson as I agreed I would.

I realize the total refund of the retainer does not completely address the other issues raised by Mr. Thompson in his Complaint regarding lack of communication between Mr. Thompson and myself. I acknowledge my communications with Mr. Thompson and his family could have been much better than it was. After thinking about this issue, I realize and acknowledge that my lack of communication with Mr. Thompson and his family did not meet the professional standards required of me in keeping him advised about the status of his case. For this failure I take sole responsibility. However, I do not believe this failure contributed in any way to the deadline filing mistake I made because I reviewed that issue very closely, but mistakenly came to the wrong conclusion.

With regard to not including an issue in the 2255 Motion that Mr. Thompson raised in his Complaint, I will simply state that it was my opinion that the issue did not have enough merit to be raised in the 2255 Motion. However, I do acknowledge I failed to discuss this with Mr. Thompson and advise him it would not be included in the 2255 Motion. Again, that was a failure on my part to adequately and properly communicate with him on the matter for which I accept responsibility.

In conclusion, I want to state by this letter to the Bar Association that I sincerely regret and apologize for my mistakes in this matter and am more than willing to work with the Bar Association in resolving this Complaint.

Sincerely,

Brent L. Caldwell
KBA #10076